STATE of Oklahoma, ex rel. OKLAHOMA
BAR ASSOCIATION, Complainant,

v.

Delbert BROCK, Respondent.

S.C.B.D. No. 2280.

Supreme Court of Oklahoma.

Oct. 26, 1971.

Paul M. Vassar, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

L. G. Hawkins, Sapulpa, Kenneth Butler, Okmulgee, for respondent.

DAVISON, Vice Chief Justice.

Three separate complaints were filed with the Oklahoma Bar Association against respondent. One complaint was filed by James McQueen, another by Horace Bert Mullins, and the third by Franklin G. Banner.

The trial authority found that the evidence introduced under the McQueen and Mullins complaints insufficient to sustain the charges and recommended that such charges be dismissed.

We have examined the record as to those two complaints and find that the trial authority was justified in recommending the dismissal of those two cases. We follow this recommendation and these specific complaints are dismissed.

With regard to the Banner complaint the evidence disclosed that respondent was delivered a check for $1200.00 at the request of Banner who was an inmate of the State Penitentiary; that the purpose of the check was that the proceeds were to be distributed by respondent for the purpose of paying two personal debts of Banner to two separate inmates of the penitentiary totaling $323.00, secondly, to pay respondent $300.00 for his attorney fee, and, thirdly, to complete a trust fund with the balance for Banner's sons.

The evidence disclosed that respondent cashed the check but the next day after the contract was made respondent learned from an authority at the penitentiary that he could get in trouble by transferring the money owned by one inmate to other inmates; that respondent indirectly endeavored to get an opinion from the Attorney General to determine whether such a transaction would be in violation of law but never received an opinion.

The evidence further disclosed that Banner filed the present complaint 29 days after the above contract was orally executed. That during this period of time the respondent's mother became seriously ill and respondent spent five days with her during such illness in her Texas hospital.

The respondent testified that he put the $1200.00 involved in an envelope and placed it in the Banner file until he placed the proceeds in the hands of his secretary for safe keeping; that thereafter he tendered $1050.00 to the trial authority, retaining $150.00 for his fee that he thought he had earned.

The trial authority in his findings that "had Mr. Brock tendered the money back to Inmate Banner or to the Bar Association or placed it in a trust account at that time, I would feel that Inmate Banner's complaint should also be dismissed."

The trial authority found that respondent exercised very poor judgment in his care of trust funds which amounted to a serious breach of trust placed in him by his client which was sufficient to violate the code of legal ethics.

The trial authority recommended that the respondent be disciplined by a reprimand by the Supreme Court and that he be suspended from the practice of law for a period of 60 days.

The trial authority further recommended that in addition to the $1050.00 heretofore deposited in this case the respondent should tender the remaining $150.00 to the Oklahoma Bar Association and that the full amount of $1200.00 be refunded to Inmate Banner.

We are of the opinion that the findings and recommendations of the trial authority are in all things reasonable and just under the evidence and circumstances presented herein and same are all hereby affirmed.

The respondent has acquiesced in the findings and recommendations of the trial authority.

It is ordered that the sixty days suspension shall begin to run from the date this opinion becomes final, and the balance of $150.00 tendered to the Bar Association during said sixty day period.

All Justices concur.

## ORDER OF REINSTATEMENT

BERRY, Chief Justice.

The above opinion was adopted on June 18, 1971. Since that time the respondent has made full and timely restitution of all moneys and has fully complied with the terms and conditions of said opinion.

It is, therefore, ordered that respondent be and he is hereby reinstated as a member of the Oklahoma Bar Association.